IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

JOSHUA BRET PARISH )
and HEATH W. HICKS, )
 )
    v. ) NO: 1:23-cv-00053
 )
DEPT. JAMIE BRAGGS *et al.* )

**TO:** Honorable William L. Campbell, Jr., Chief District Judge

## R E P O R T  A N D  R E C O M M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered October 27, 2023 (Docket Entry Nos. 22 and 23).

Pending before the Court is the motion to dismiss filed by Defendants Nicholas Batts and Joey Cox (Docket Entry No. 40). For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED AS TO PLAINTIFF HEATH W. HICKS** and be **DENIED AS TO PLAINTIFF JOSHUA BRET PARISH**.

### I. BACKGROUND

This lawsuit was filed *pro se* and *in forma pauperis* on August 31, 2023, by Joshua Bret Parish ("Parish") and Heath W. Hicks ("Hicks"), who were both pretrial detainees in the custody of the Hickman County Sheriff's Office and confined at the Hickman County Jail (the "jail") in Centreville, Tennessee at the time the lawsuit was filed. *See* Complaint (Docket Entry No. 1). Plaintiffs allege that their federal civil rights were violated by events that took place at the jail and seek relief under 42 U.S.C. 1983.

Upon initial review under 28 U.S.C. " 1915(e)(2)(B) and 1915A, the Court permitted the lawsuit to proceed on two colorable constitutional claims: (1) a Fourteenth Amendment excessive force claim against Jail Officer Nicholas Batts that is based upon the use of pepper spray at the jail and (2) a claim of First Amendment retaliation against Chief Joey Cox. *See* Memorandum Opinion and Order. All other claims and defendants were dismissed. *Id*.

Defendants Batts and Cox filed a timely answer (Docket Entry No. 30). They subsequently filed the pending motion to dismiss, asserting that they have been unable to initiate the discovery process or even contact Plaintiffs because both Plaintiffs were released from the jail but failed to provide a change of address notice. Defendants argue that dismissal of the action for failure to prosecute is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiffs' conduct and the hinderance this conduct has caused on the litigation of this case. *See* Memorandum in Support (Docket Entry No. 41).

The Court set a deadline of April 12, 2024, for Plaintiffs to respond to the motion. *See* Order entered March 11, 2024 (Docket Entry No. 42). The Court noted that, although Plaintiff Hicks had not filed a change of address notice, he had provided an alternate address in two filings that he had made in the case. *Id*. The Court therefore: (1) directed Defendants to serve a copy of their motion to dismiss upon Hicks at the alternate address; (2) directed the Clerk to send a copy of the Order and a copy of the docket sheet to Hicks at the alternate address; and, (3) directed Hicks, if he intends to continue with the litigation, to file a response to the motion and a change of address notice that formally provides his current mailing address. *Id*.

Because the Court's mail to Plaintiff Hicks was not returned as undeliverable, the Court presumes that it was received by Hicks. Yet, he has not filed either a change of address notice or a response to the motion to dismiss. Although the March 11, 2024, Order that was sent to Plaintiff

Parish was returned as undeliverable, Parish filed a change of address notice, indicating that he was currently housed at the Orchard House in Milan, Tennessee. *See* Docket Entry No. 47. He further filed a "motion for squash of dismiss," in which he opposes the dismissal of the lawsuit and in which asserts that he had been placed in a program after his release from jail that included "blackout periods" during which he could not call and could not send or receive mail. *See* Docket Entry No. 48. Defendants have not filed a reply to Plaintiff Parish's filing.

### III. ANALYSIS

After review of the docket and the filings by the parties, the Court finds that dismissal of the lawsuit as to Plaintiff Hicks is warranted but that the motion should be denied as it pertains to Plaintiff Parish.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defe3ndant may move to dismiss the action or any claims against it." Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Additionally, Rule 16(f)(1) provides that Aon motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) -(vii), if a party ... (C) fails to obey a scheduling or other pretrial order. One of the sanctions are set forth in Rule 37(b)(2) includes the sanction of Adismissing the action or proceeding in whole or in part. Rule 37(b)(2)(A)(v). Finally, it is well settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626 (1961). The imposition of sanctions and the type of sanctions imposed by the Court for failure to comply with the Court's orders and for failure to prosecute a case are matters within the sound discretion of the Court based on the facts of each

particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Plaintiff Hicks' failure to respond to the Court's specific directive in the March 11, 2024, Order that he file a change of address notice and that he respond to the motion to dismiss indicates that he has lost interest in prosecuting the case. The Court has no duty to persuade Plaintiff Hicks to stay engaged in this case, and dismissal of the action as to him is warranted under Rule 41(b). Given the early stage of the litigation, however, dismissal without prejudice, as is requested by Defendants, is appropriate.

The Court does not find, however, that dismissal of the action as to Defendant Parish is currently warranted. Although Plaintiff Parish should have filed some type of notice that he was leaving the jail and provided a new address at which he could be reached, he has responded to the motion to dismiss and offered a reasonable explanation for his conduct that does not evidence bad faith, willfulness, or obviously dilatory conduct. Further, any delay in the proceedings has been minimal, and Defendants now can proceed to defend the case.

However, Plaintiff Parish is warned that any future failure to notify Defendants and the Court of a change of his address will not be viewed by the Court with such leniency and may result in the dismissal of the lawsuit. Furthermore, neither the Court nor Defendants are expected to accommodate "black out" periods during which Plaintiff ostensibly does not have access to receiving or sending mail. This lawsuit was brought by Plaintiff and it is his responsibility to be available for the litigation in the normal course. If Plaintiff does not adhere to deadlines and to his responsibilities as a litigant because his is inaccessible, he will have to bear the resulting consequences upon the lawsuit, consequences that may include dismissal of the lawsuit.

## RECOMMENDATION

Based on the forgoing, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 40) be (1) **GRANTED** with respect to Plaintiff Heath W. Hick and that his claim be **DISMISSED WITHOUT PREJUDICE** and (2) **DENIED** with respect to Plaintiff Bret Parish.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

5